THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PAMELA R. ADAMS | * | CIVIL ACTION NO. 05-1664 |
| Versus | * | JUDGE JAMES |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## REPORT & RECOMMENDATION

Petitioner, Pamela R. Adams ("Adams"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

Background & Procedural History

Adams filed her application for disability insurance benefits on February 27, 2003. Her claim was initially denied on September 8, 2003. A hearing before ALJ W. Thomas Bundy was held on September 21, 2004, in Monroe, Louisiana; a supplemental hearing was also held on March 15, 2005.

Adams has a high school education and vocational training from a technical college. Adams has past work experience as a customer service representative, apartment manager, and waitress. Adams was 42 years old at the time of her hearing. She alleges that she was disabled on March 18, 2002, due to fibromyalgia and arthritis. The ALJ found that Adams had severe impairments, but that the impairments did not meet or medically equal one of the listed

1

impairments. Adams was assessed with a residual functional capacity ("RFC") to perform the less than a full range of medium work, and found not disabled within the meaning of the Social Security Act. The ALJ's determination was made on April 27, 2005, and the Appeals Council affirmed the decision on July 22, 2005. Adams appealed the decision by filing a Complaint in this Court on September 21, 2005.

Adams argues that the ALJ erred in not adopting the opinions of Dr. Harvey and Dr. Coleman, not adopting Adams' subjective complaints, and in relying on the Medical-Vocational Guidelines to find her not disabled. The issue before this court is whether the decision of the ALJ is supported by substantial evidence.

Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at

3

any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**Analysis**

Adams argues that the ALJ erred in rejecting the evidence submitted by Dr. Harvey and Dr. Coleman without providing explanations for the rejections. Adams states that Dr. Harvey is one of her treating physicians and that he found she was incapable of working. In his decision, the ALJ did specifically address Dr. Harvey's opinion (Tr. 18). Dr. Harvey is a chiropractor, not a physician. A chiropractor is not an "acceptable medical source" under the regulations, and opinions from chiropractors are not entitled to comparable weight to those from acceptable medical sources. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); 20 C.F.R. §§ 404.1513(a) (list of acceptable medical sources), 404.1513(d)(1) (specifying chiropractors as "other sources"). Furthermore, "the ALJ has the sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).

Adams also argues that the ALJ rejected the opinions of Dr. Coleman. As the Government correctly responded, the opinions of Dr. Coleman to which Adams cites were not before the ALJ. The ALJ's opinion was dated April 27, 2005. The opinions cited by Adams originated from a letter written by Dr. Coleman on May 6, 2005. The exhibits from Dr. Coleman that were before the ALJ show that Adams saw Dr. Coleman for back and neck pain, among other complaints; however, they do not show that Dr. Coleman placed restrictions on Adams' activities.

The May 6, 2005, letter from Dr. Coleman obviously could not have been considered by

4

the ALJ; however, it was part of the record before the Appeals Council. In the letter, Dr. Coleman does opine as to Adams' daily ability to function. The Fifth Circuit has held that the Commissioner's final decision, the decision that is to be reviewed by the courts, includes the Appeals Council's denial of a request for review and requires the court to consider (in determining whether there is substantial evidence to support the decision) evidence that was submitted for the first time to the Appeals Council. *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005). The agency need not address in its written decision every bit of evidence before it, but the Court is unable to conclude that a decision is supported by substantial evidence if the ALJ or Appeals Council did not, for whatever reason, discuss significant lines of evidence or resolve important conflicts in the evidence. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.")

The May 6th letter sets out Dr. Coleman's opinion that Adams' retained a level of ability which is inconsistent with the RFC found by the ALJ. The ALJ found Adams retained the RFC to

> perform a full range of medium work, reduced by a moderately limited ability to understand, remember and carry out simple instructions and to make judgment on simple work-related decision; but, by a markedly limited ability to understand, remember and carry out detailed instructions. She is markedly limited in an ability to interact appropriately with the public; but, moderately limited in an ability to interact appropriately with supervisors and peers. She also is moderately limited in an ability to respond appropriately to work pressures in a usual setting and to changes in a routine work setting.

(Tr. 18). Under 20 C.F.R. § 404.167, medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If

5

someone can do medium work, we determine that he or she can also do sedentary and light work." Dr. Coleman opines that Adams is not able to maintain employment based on her medical conditions.

Dr. Coleman's opinion was issued after the date of the relevant decision, but the current record does not contain sufficient evidence for the court to determine whether the opinion is relevant to the time at issue or merely reflects a later deterioration in Plaintiff's health or a condition which developed after the relevant date. The agency might find that the new evidence is relevant and material to the time at issue, or it might find otherwise, and it should have the opportunity to make that decision.

The courts perform only a limited review of social security appeals pursuant to 42 U.S.C. § 405(g), and that limited review is thwarted if the court is placed in the position of deciding an issue *de novo* on a limited record. The better course is to reverse the current decision as not supported by substantial evidence and remand it to the agency for further proceedings. The agency may then develop the record, if necessary, and decide in the first instance the relevance, weight and materiality of the new evidence. If Plaintiff is again unsuccessful, she can appeal that decision to this court, which can then conduct a review of the Commissioner's decision and afford deference to a decision that was based on a reasoned review of all the evidence that was submitted.

Therefore, **IT IS RECOMMENDED** that the **Commissioner's decision be REVERSED and the case be REMANDED for further proceedings.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of June, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE